# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

### ***

| | |
|---|---|
| STANFORD B. PERALTA,<br><br>              Plaintiff,<br><br>vs.<br><br>MTC FINANCIAL, INC., *et al.*,<br><br>              Defendants. | 2:17-cv-03081-RFB-VCF<br>**REPORT AND RECOMMENDATION FOR**<br>**DISMISSAL** |

Before the Court is *Standford B. Peralta v. MTC Financial, Inc.*, et al., case no. 2:17-cv-03081-RFB-VCF. On June 11, 2018, the Court set a show cause hearing for 10:00 AM, July 2, 2018. (ECF No. 10). Peralta was ordered to file with the court by June 25, 2018, a response showing cause as to why he should not be sanctioned for failing to comply with Fed. R. Civ. P. 4(m), and to appear in person for the show cause hearing. *Id.* No response was filed. On July 2, 2018, the Court held the show cause hearing and Mr. Peralta failed to appear. (ECF No. 11).

Pursuant to Local Rule IA 11-8, "[t]he Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party who, without just cause: (a) Fails to appear when required for pretrial conference, argument on motion, or trial; (b) Fails to prepare for a presentation to the Court; (c) Fails to comply with these Rules; or, (d) Fails to comply with any order of this Court."

The Court has clear authority to dismiss the case for failure to cooperate in the progress of the litigation. "This power is necessary to prevent undue delays in the disposition of pending cases, docket congestion, and the possibility of harassment of the Defendant." *Mederios v. United States*, 621 F.2d 468, 470 (1st Cir. 1980). To be sure, "[all litigants, including *pro ses*, have an obligation to comply with court orders." *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990)(per curiam). Thus, when they flout the

obligation to comply with court orders they, like all litigants, must suffer the consequences of their non-compliance. *See McDonald v. Miegel*, 850 F.2d 121, 124 (2d Cir. 1988). Further, the Court need not always exhaust every sanction short of dismissal before final action. *Edelson v. Commissioner*, 829 F.2d 828, 831 (9th Cir. 1987). Such a decision lies within the discretion of this Court. *See National Hockey League v. Metropolitan Hockey Club. Inc.*, 427 U.S. 639, 642 (1976); *Link v. Wabash R. Co.*, 370 U.S. 628 (1962) (affirming district court's dismissal under Rule 41(b) after plaintiff's attorney failed to appear at a pretrial conference).

The Clerk of Court mailed a copy of the June 11, 2018 Court Order to the address provided by Peralta and mail has not been returned in this matter.   Here, the Court finds that Peralta's failure to comply with Rule 4(m), failure to file a response to the Order to Show Cause, and failure to appear to the July 2nd hearing, is a failure to comply with Court order, such that this case should be dismissed.

Accordingly,

IT IS HEREBY RECOMMENDED that this case be dismissed for failure to comply with Rule 4(m) and failure to obey Court order (ECF No. 10).

The Court Clerk is directed to mail a copy of this order to Plaintiff STANFORD B. PERALTA at the address below:

Stanford B Peralta
3021 S Valley View Blvd, Ste. 113
Las Vegas, NV 89102

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified

time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action. See LSR 2-2.

DATED this 3rd day of July, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE